ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| NILDA RUIZ RIVERA DEPARTAMENTO DE LA FAMILIA<br><br>EX PARTE<br><br>MARIALIS MUÑIZ GÓMEZ<br>(persona para quien se solicita el remedio)<br><br>Recurrido<br><br>v.<br><br>HOSPITAL PSIQUIÁTRICO FORENSE PONCE; ADMINISTRACIÓN DE SERVICIOS DE SALUD MENTAL Y CONTRA LA ADICCIÓN (ASSMCA)<br><br>Peticionario | KLCE202400659 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm. JACI202401222<br><br>Sala: 304<br><br>Sobre:<br><br>ADMISIÓN INVOLUNTARIA LEY NÚM. 408 DE 2 DE OCTUBRE DE 2000 LEY DE SALUD MENTAL DE PUERTO RICO |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 2 de julio de 2024.

Comparece la parte peticionaria, el Equipo Interdisciplinario del Hospital Psiquiátrico Forense de Ponce y la Administración de Servicios de Salud Mental y Contra la Adicción, (en adelante, ASSMCA o parte peticionaria), para solicitarnos que se revise y revoque la *Orden* emitida por el Tribunal de Primera Instancia, Sala Municipal de Ponce del 15 de mayo de 2024 y notificada el 21 de mayo del mismo año sobre Ingreso Involuntario artículo 4.11 Ley Núm. 408-2000.[1]

Luego de evaluar el escrito presentado, así como la evidencia documental anejada al mismo, prescindimos de la

---

[1] Apéndice 1 del recurso de *Certiorari*, págs. 1-3.

comparecencia de la parte recurrida, y procedemos a resolver. Regla 7(b) (5) del Reglamento del Tribunal de Apelaciones.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *Certiorari*.

**-I-**

Contra la señora Marialis Muñiz Gómez, se presentaron denuncias el 10 de enero de 2023, por artículo 241.B, 33 LPRA sec. 5331 y por el artículo 279 del Código Penal de 2012, 33 LPRA sec. 5372. Tras varios incidentes procesales, por la falta de diligenciamiento de la orden de arresto, la señora Múñiz Gómez no asistió a los procedimientos ante el Tribunal. El 25 de mayo de 2023, el Foro a *quo* emitió una *Resolución* para un referido inicial al amparo de la Regla 240 de Procedimiento Criminal y emitió orden de traslado de los casos al Tribunal de Primera Instancia, Sala Superior de Ponce.[2] El 20 de julio de 2023 el Tribunal de Primera Instancia, basado en el testimonio de la Psiquiatra del Tribunal, la doctora Rolón García, declaró a la imputada no procesable. A estos fines, el foro primario ordenó el ingreso y traslado de la imputada al Hospital Psiquiátrico Forense de Ponce al amparo de la Regla 240 de Procedimiento Criminal, 34 LPRA Ap. II, R. 240 (en adelante, Regla 240).[3]

El 6 de diciembre de 2023 se celebró una *Vista de Regla 240*. Nuevamente la perito del Estado, la doctora Rolón García declaró que la señora Muñiz Gómez fue evaluada y que ésta continuaba no procesable. El Tribunal de Primera Instancia ordenó la citación del Departamento de la Familia para explorar apoyo familiar y señaló vista de seguimiento para el 6 de marzo de 2024.[4] Asimismo, el Tribunal de Primera Instancia solicitó al Fiscal Rosario Guzmán que se auscultara la transición a un proceso de salud mental al

---

[2] Apéndice 7 del Recurso de *Certiorari*, págs. 9-13.
[3] Apéndice 8 del Recurso de *Certiorari*, págs. 14-16.
[4] Apéndice 12 del Recurso de *Certiorari*, pág. 22.

amparo de la Ley Núm. 408-2000, y citó el caso para vista de seguimiento para el 3 de abril de 2024. Posteriormente, el 26 de marzo de 2024, la trabajadora social Ruiz Rivera del Departamento de la Familia, solicitó una petición de tratamiento compulsorio al amparo del artículo 4.11 de la Ley Núm. 408-2000.[5]

El 3 de abril de 2024 se llevó a cabo la *Vista de Seguimiento de Regla 240*. La psiquiatra del Estado, la doctora Robles Álvarez, declaró que la señora Muñiz Gómez se encontraba no procesable y recomendó a su vez la continuidad del tratamiento psiquiátrico. El 11 de abril de 2024 el Ministerio Público solicitó que, la señora Muñiz Gómez fuera sometida a una evaluación de "No Procesabilidad a Tiempo Futuro" y que se emitiera una recomendación. El Ministerio Público expresó que no tendría reparo en la solicitud de archivo de los cargos de la señora Muñiz Gómez una vez emitido el informe.[6] Ante esta solicitud, el 29 de abril de 2024 el Foro de Primera Instancia dictó la correspondiente *Orden*.[7]

El 15 de mayo de 2024 se celebró la vista y se le informó al Tribunal de Primera Instancia que, el psiquiatra y equipo interdisciplinario del Hospital de Psiquiatría Forense de Ponce, en el mejor interés de la paciente, no recomendaban en esta etapa el tratamiento compulsorio del artículo 4.11 de la Ley Núm. 408-2000. Dicha solicitud fue declara *No Ha Lugar* por el foro de instancia. En adición, ASSMCA le solicitó al foro primario determinaciones de hechos y conclusiones de derecho. Posteriormente, el 15 de mayo de 2024 el Tribunal declaró *No Ha Lugar* la solicitud y citó a vista de Ley 408 para el 3 de julio de 2024 y ese mismo día se citó vista de Regla 240.[8]

---

[5] Apéndice 20 del Recurso de *Certiorari*, págs. 33-36.
[6] Apéndice 17del Recurso de *Certiorari*, pág. 29.
[7] Apéndice 18 del Recurso de *Certiorari*, pág. 31.
[8] Apéndice 31 del recurso de C*ertiorari*, págs.64-65.

Inconforme con el dictamen del Tribunal de Primera Instancia, el 13 de junio de 2024 la parte peticionaria presentó el auto de *certiorari* ante nos y el 14 de junio de 2024 presentó una Moción en Auxilio de Jurisdicción. En el referido recurso le imputó al foro primario los siguientes señalamientos de error:

1. Erró el TPI al ordenar al Departamento de la Familia a realizar el informe de campo y presentar solicitud de tratamiento compulsorio al amparo del Art. 4.11 de la Ley 408, sin que medie una evaluación con recomendación del psiquiatra y del equipo interdisciplinario clínico que atiende a la paciente.

2. Erró el TPI Sala Municipal, al decir que no le corresponde a ASSMCA, (a través de su representante legal) abogar por el mejor interés de la paciente, sino a su abogada de SAL.

3. Erró el TPI Sala Municipal, al declarar No Ha Lugar, la solicitud de archivo del caso de Ley 408, a pesar de que el Psiquiatra, y el Equipo Interdisciplinario de Forense, no recomendó en este momento el tratamiento compulsorio del Art. 4.11, hasta tanto no finalice el tratamiento y se tome una determinación en el caso criminal de la Regla. 240.

4. Erró el TPI, Sala Municipal, iniciar una internación civil, cuando la imputada, no ha sido declarada no procesable permanentemente y sin mediar orden para internación civil.

**-II-**

***-A-***

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al..,* 2023 TSPR 65, 212 DPR 194 (2023); *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1., establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de resoluciones y órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 709 (2019). En lo pertinente, la Regla 52.1, *supra,* dispone lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

La discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Mun. Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *IG Builders et al. v. BBVAPR, supra*, pág. 338. Así pues, la discreción judicial para expedir o no el auto de *certiorari* no ocurre en un vacío ni en ausencia de parámetros. *Id.* Cónsono con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40, orienta la función del tribunal intermedio para ejercer sabiamente su facultad discrecional y establece los criterios que debe considerar al determinar si procede o no expedir un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra; Rivera et al. v. Arcos Dorados et al., supra; Mun. Caguas v. JRO Construction, supra,* pág. 709; *McNeil Healthcare v. Mun. Las Piedras I, supra,* págs. 404-405; *IG Builders et al. v. BBVAPR, supra,* págs. 338-339. La referida regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cabe precisar que el recurso de *certiorari* es un recurso extraordinario discrecional que debe ser utilizado con cautela y solamente por razones de peso. *Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009). Es por ello que, los tribunales revisores deben limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado. *Id.* Nuestro ordenamiento jurídico ha establecido que el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al., supra*; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).

Examinado el recurso en su totalidad, procedemos a establecer el derecho aplicable y resolver.

**-III-**

ASSMCA recurre ante este nos imputando al Tribunal de Primera Instancia la comisión de cuatro errores, en la que expone, en síntesis, que erró el foro recurrido al ordenar al Departamento de la Familia a realizar el informe de campo y presentar solicitud de tratamiento compulsorio al amparo del artículo 4.11 de la Ley Núm. 408-2000, sin que medie una evaluación con recomendación del psiquiatra y del equipo interdisciplinario clínico que atiende a la participante. Adviértase que, el informe "No Procesabilidad a Tiempo Futuro", al amparo de la Regla 240, *supra*, no ha sido finalizado ni puesto ante la consideración del Foro a *quo*. Precisamente, el esperar por el resultado pericial al amparo de la Regla 240, no constituyen asuntos a ser evaluados bajo la Regla 52.1 de las de Procedimiento Civil, *supra*, ni constituye un fracaso de la justicia.

Luego de analizar la Regla 52.1 de Procedimiento Civil, *supra*, antes citada y habida cuenta de que, entendemos que no medió pasión, prejuicio, parcialidad o error manifiesto, y que el criterio rector se basa en la razonabilidad, encontramos que no surge evidencia suficiente que pruebe las alegaciones de la parte peticionaria y rebata la presunción de corrección que merece nuestra deferencia hacia el Foro Primario.

En síntesis, no hemos identificado ningún atisbo de prejuicio, arbitrariedad o error craso. Tampoco estamos ante alguna otra instancia de las contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que requiera nuestra intervención. Ello, nos hace concluir que ***nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna***.

**-IV-**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari.*

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.  El juez Rivera Colón concurre sin voto escrito.  El juez Monge Gómez entiende que procede la denegatoria del recurso, sin embargo, por no estar de acuerdo con la forma en que se expuso la relación de hechos, concurre.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones